UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | (Chapter 11) |
| ARROW AIR, INC. AND | Case number 10-28831-AJC |
| ARROW AIR HOLDINGS CORP., | Case number 10-28834-AJC |
| Debtors. _____/ | (Jointly Administered under Case number 10-28831-AJC) |
| BARRY E. MUKAMAL, Liquidating Trustee, on behalf of the Arrow Air Creditor Trust, | Adv. Case No. 12-_____ |
| Plaintiff, | |
| v. | |
| WORLD FUEL SERVICES CORPORATION, | |
| Defendant. _____/ | |

**ADVERSARY COMPLAINT TO AVOID AND
RECOVER AVOIDABLE TRANSFERS**

BARRY E. MUKAMAL, the Liquidating Trustee (the "Trustee" or the "Plaintiff") of the Arrow Unsecured Creditor Trust[1] (the "Trust"), successor to and representative of the administratively consolidated bankruptcy estates of above-captioned Debtors, files this Adversary Complaint to Avoid and Recover Avoidable Transfers against World Fuel Services Corporation ("Defendant"), and alleges:

**THE PARTIES, JURISDICTION AND VENUE**

1.     On June 30, 2010 (the "Petition Date"), Arrow Air, Inc. ("Arrow") and Arrow

Air Holdings Corp. ("Holdings") (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

2. On November 17, 2010, the Debtors filed their *Amended Joint Chapter 11 Plan of the Debtors* [D.E. 378] (the "Plan"), which was approved and confirmed by this Court on December 17, 2010 per its *Order Confirming Amended Joint Chapter 11 Plan of the Debtors* [D.E. 473] (the "Confirmation Order").

3. Pursuant to the Plan, Confirmation Order, and Liquidating Trust Agreement for the Arrow Unsecured Creditor Trust (the "Unsecured Creditor Trust Agreement"), the Trustee is the duly appointed and acting Trustee of the Trust.

4. Pursuant to the confirmed Plan, the Plaintiff, on behalf of the Trust and as successor to the Debtors under 11 U.S.C. §1123, has the authority pursue, litigate or settle this adversary case.

5. Arrow is a Florida corporation with its principal place of business in Miami, Florida. Arrow is a wholly owned subsidiary of Holdings.

6. Prior to the Petition Date, Arrow was a Miami-based air cargo carrier that provided comprehensive cargo logistics services between the United States, Central and South America, and the Caribbean. Arrow operated under the name Arrow Cargo out if its principal place of business located at the Miami International Airport in Miami, Florida.

7. Prior to the Petition Date, Arrow operated over 60 weekly scheduled cargo flights to 20 destinations and provided cargo services to more than 3,500 customers worldwide,

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed in the *Amended Joint Chapter 11 Plan of the Debtors* [D.E. 378].

including, among others, international and domestic freight forwarders, integrated carriers, passenger and cargo airlines, the U.S. Department of Defense and the United States Postal Service.

8. Defendant is a Florida corporation with the following business and/or mailing address:

> World Fuel Services Corporation
> Attn:  Paul Stebbins
> 9800 NW 41st Street
> Miami, FL 33178

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O).  The Trustee consents to the entry of final order and judgment by the Bankruptcy Court.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

11. All conditions precedent to the filing of this action have been performed, waived, satisfied or have occurred.

## THE TRANSACTIONS AND AVOIDABLE TRANSFERS AT ISSUE IN THIS CASE

12. Prior to the Petition Date, the Defendant received one or more transfers, including but not necessarily limited to those detailed in **Exhibit A**, which are at issue in this case (the "90 Day Transfers").  Exhibit A identifies, among other things, the Defendant's name, the particular Debtor who made each of the 90 Day Transfers to Defendant, the check number or wire for each of the 90 Day Transfers, the check clear date or wire date for each of the 90 Day Transfers and the check or wire amount for each of the 90 Day Transfers.  Each of the 90 Day Transfers listed

on Exhibit A was made from a bank account that was property of the particular Debtor identified on Exhibit A.

13. The Debtor or Debtors listed on the attached Exhibit "A" made the 90 Day Transfers to the Defendant on or within ninety (90) days prior to the Petition Date.

14. Prior to the Petition Date, the Defendant received one or more transfers, including but not necessarily limited to those detailed in **Exhibit B**, which are at issue in this case (the "Two Year Transfers"). Exhibit B identifies, among other things, the Defendant's name, the particular Debtor who made each of the Two Year Transfers to Defendant, the check number or wire for each of the Transfers and the check or wire amount for each of the Two Year Transfers. Each of the Two Year Transfers listed on Exhibit B was made from a bank account that was property of the particular Debtor identified on Exhibit B.

15. The Debtor or Debtors listed on the attached Exhibit "B" made the Two Year Transfers to the Defendant on or within two years days prior to the Petition Date.

16. Prior to the Petition Date, Defendant provided fuel to the Debtors.

17. Historically, Defendant extended credit to the Debtors on a Net 15 basis with the majority of invoices paid within 11 to 20 days from the fuel uplift date.

18. In or around February 2010, Defendant required that virtually all invoices be prepaid, thus revoking the credit terms previously extended to the Debtors.

19. Upon information and belief, Defendant knew or had reason to know that the Debtors were in financial distress and, as such, did not receive the Two Year Transfers in good faith.

**COUNT I**
**AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547(B) AND 550(A)**

Plaintiff sues Defendant and alleges:

20. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 19 as if fully set forth herein.

21. This is an action by Plaintiff against Defendant to avoid and recover preferential transfers made to or for the benefit of Defendant pursuant to 11 U.S.C. §§ 547(b) and 550(a).

22. The 90 Day Transfers at issue constituted transfers of the particular Debtor's interest in property.

23. The 90 Day Transfers were made:

    a. to or for the benefit of the Defendant, who, at all relevant times, was a creditor of the Debtor who made the particular 90 Day Transfer;

    b. for or on account of an antecedent debt owed by the particular Debtor to the Defendant before such 90 Day Transfers were made; and

    c. while the Debtor was insolvent.

24. The 90 Day Transfers to the Defendant enabled the Defendant to receive more than it would have received if:

    a. this case were a case under Chapter 7 of the Bankruptcy Code;

    b. the 90 Day Transfers had not been made; and

    c. the Defendant received a payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

25. By reason of the foregoing, the 90 Day Transfers are avoidable by Plaintiff on behalf of the estate pursuant to 11 U.S.C. § 547(b).

26. Plaintiff is entitled to recover the amount or value of the 90 Day Transfers from the Defendant pursuant to 11 U.S.C. § 550(a).

WHEREFORE, Plaintiff demands the entry of judgment against the Defendant: (a) avoiding the 90 Day Transfers to the Defendant pursuant to 11 U.S.C. § 547(b); (b) awarding a money judgment to Plaintiff in an amount equal to the amount of the 90 Day Transfers pursuant to 11 U.S.C. § 550(a); (c) awarding pre-judgment interest; (d) disallowing any claim that the Defendant may have against the Debtors' bankruptcy estates until such time as the Defendant pays the 90 Day Transfers asserted herein as provided in 11 U.S.C. § 502(d); and (e) awarding any other relief the Court deems appropriate.

## COUNT II
## ACTION TO AVOID AND RECOVER THE TWO YEAR TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 AND 548 AND CHAPTER 726 OF THE FLORIDA STATUTES

Plaintiff sues Defendant and alleges:

27. Plaintiff realleges paragraphs 1 through 26 above.

28. Pursuant to 11 U.S.C. § 548 and/or 11 U.S.C. § 544 and Chapter 726 of the Florida Statutes, a trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years (under Section 548 of the Bankruptcy Code) and 4 years (under Chapter 726 of the Florida Statutes) before the date of the filing of the petition, if the debtor voluntarily or involuntarily – (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such

6

obligation was incurred, indebted; or (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

29. Pursuant to 11 U.S.C. § 550, in an action commenced under Sections 544 and 548 of the Bankruptcy Code and Chapter 726 of the Florida Statutes, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

30. The Two Year Transfers constitute transfers of an interest in property of the Debtor to Defendant within two years (under Section 548) and four years (under Chapter 726) prior to the Petition Date.

31. The Two Year Transfers were made with actual intent to hinder or delay creditors of the Debtor, and such Two Year Transfers were not received in good faith by the Defendant. Among other badges of fraud and/or lack of good faith, at or near the time of the Two Year Transfers: (i) the Debtors were insolvent; (ii) the Debtors were not paying their debts as they became due; (iii) Defendant knew or had reason to know of the Debtors' substantially impaired financial condition; and (iv) Defendant revoked the Debtors' previous credit terms and began requiring prepayment of invoices.

32. In addition, the Debtors did not receive reasonably equivalent value for the Two Year Transfers and it: (i) was insolvent at the time of the Two Year Transfers or became insolvent as a result thereof; (ii) was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably should have believed, that it would incur debts beyond its ability to pay as they came due.

33. As a result of the above, the Plaintiff can avoid the Two Year Transfers pursuant to Sections 544 and 548 of the Bankruptcy Code and Chapter 726 of the Florida Statues, and recover the value thereof for the benefit of the estate pursuant to Section 550 of the Bankruptcy Code.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant that: (i) avoids the Two Year Transfers to Defendant and recover same for the benefit of the estate; (ii) awards to the Trustee the amount or value of the Two Year Transfers, plus interest and costs; (iii) disallows any claim that Defendant may have against the Debtors until such time the Two Year Transfers are re-paid to the Trustee pursuant to 11 U.S.C. § 502(d); and (iv) awards any other relief the Court deems appropriate.

Respectfully submitted this 28th day of June, 2012.

> **I hereby certify that I am admitted to the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).**
>
> GENOVESE JOBLOVE & BATTISTA, P.A.
> Counsel for the Liquidating Trustee
> Miami Tower
> 100 S.E. Second Street, Suite 4400
> Miami, Florida 7131
> Tel.: (305) 349-2300
> Fax.: (305) 349-2310
>
> By: /s/ David C. Cimo
>     David C. Cimo, Esq.
>     Florida Bar. No. 775400
>     dcimo@gjb-law.com
>     Glenn D. Moses, Esq.
>     Florida Bar No. 174556
>     gmoses@gjb-law.com
>     Heather L. Harmon, Esq.
>     Florida Bar No. 013192
>     Marilee A Mark, Esq.
>     Florida Bar No. 725961
>     mmark@gjb-law.com